**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0514-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE RODRIGUEZ, a/k/a JOSE
ESTEBAN RODRIGUEZ GUZMAN,

     Defendant-Appellant.

_____

Submitted January 8, 2019 - Decided January 25, 2019

Before Judges Accurso and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 96-08-1429.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

This post-conviction relief (PCR) matter returns to us following our remand for a limited evidentiary hearing to address defendant Jose Rodriguez's criminal record and his reasons for waiting seventeen years to file a first PCR petition following his 1996 guilty plea to a third-degree, 1000-foot offense, N.J.S.A. 2C:35-7. Now having the benefit of the record of that evidentiary hearing, we affirm the denial of his PCR petition.

Defendant is a citizen of Guatemala. He has been a permanent resident of the United States since the age of fourteen. In 1996 when he was twenty years old, he was arrested in Jersey City and indicted on charges of aggravated assault, possession of a weapon for an unlawful purpose, unlawful possession of a weapon, a box-cutter, possession of a controlled dangerous substance with intent to distribute and intent to distribute six grams of marijuana within 1000 feet of a school.[1] He had no prior criminal record. He pleaded guilty to the third-degree, 1000-foot offense pursuant to a negotiated agreement and was sentenced to two years' probation.

---

[1] The marijuana was found in twenty-two heat-sealed plastic bags contained in a pouch hidden in the car defendant was driving.

A-0514-17T4

In April 2013, defendant was detained by Immigration and Customs Enforcement officials on the basis of that criminal conviction and at least one other, a 2007 conviction for unlawful possession of a nine millimeter Glock handgun. Immigration authorities thereafter instituted removal proceedings against him. After several missteps, detailed in our prior order of November 28, 2016, defendant succeeded in having those proceedings delayed while he pursued a PCR application.

Defendant filed a pro se PCR petition in April 2014. Although counsel refers to a certification by defendant purportedly attached to a brief he filed in May 2014 in support of a motion to withdraw his plea, the certification is not included in the appendix.[2] There is, however, a certification from defendant dated October 23, 2014 in which he claims his "trial counsel did not discuss with [him] anything regarding the pre-trial intervention program" prior to his plea, and that he "would have wanted [counsel] to pursue that application." In the

_____

[2] This omission is despite direction in our prior order that the failure to submit defendant's PCR petition "is to be corrected in any further filings in this court." Defendant states in his PCR petition that he "was misrepresented and plead[ed] guilty without fully understanding the consequences," and further states he "[has] attached more details." Nothing is attached to the petition included in the appendix. Defendant's pro se brief in support of his motion to withdraw his plea also references an attached certification, which also is not included in the appendix.

same certification, defendant claims he "did discuss the immigration consequences of [his] plea with [his] attorney," and represents the lawyer told him "that [he would] not have any problems with that since [he was] receiving probation."

The PCR court heard argument on the petition and issued a written opinion finding it time-barred and without merit under the two-prong test formulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Noting defendant answered "yes" to former Question 17 on the plea form confirming he understood his guilty plea might result in his deportation, the court also noted defendant was arrested ten times following the entry of his plea and convicted of two indictable offenses, "unlawful possession of a handgun in 2004 and endangering the welfare of a child in 2005." The court found defendant was "subject to deportation on separate convictions unrelated to this case, and has other subsequent interactions with attorneys and the criminal justice system" leaving it "wholly unconvinced that the Petitioner was unaware of his potential for deportation until now."

The court further noted the federal "Notice to Appear" for removal proceedings that defendant claims he received at the time of his arrest by federal

authorities in 2013 was dated September 30, 2011. The court concluded defendant put forth no "meaningful argument" to refute that he "waited almost 3 years to file this PCR after affirmative notice of his deportation hearing, and . . . has two other convictions upon which he can be deported," including a "1st degree conviction for endangering the welfare of a child." Because the court found that even viewing the facts most favorably to defendant he could not establish a prima facie claim for relief, it deemed an evidentiary hearing unnecessary.

Defendant appealed, arguing the trial court made critical factual errors about the record in the absence of an evidentiary hearing. Specifically, he claimed he was never convicted of first-degree child endangerment and was not served with the 2011 notice to appear until his arrest by immigration authorities in 2013, both of which he argued weighed heavily in the PCR court's assessment of the proofs. Although noting defendant never raised the alleged factual errors to the PCR court and only raised them to us by way of a motion to supplement the record, as well as "the formidable challenge presented for prevailing on a PCR petition filed seventeen years after entry of the plea," we concluded those alleged factual issues required a remand for an evidentiary hearing, the scope of which we left to the PCR court.

A-0514-17T4

The court conducted an evidentiary hearing to address defendant's criminal record and his seventeen-year-delay in filing his petition. It clarified defendant's criminal record, with the parties agreeing defendant had two indictable convictions following his 1996 plea: second-degree unlawful possession of a handgun in 2004 and third-degree endangerment of a child in 2005. Defendant testified he was not aware of the federal notice to appear for removal proceedings dated September 30, 2011, until his arrest by federal authorities on April 18, 2013. He further testified the lawyer his family retained to file a PCR petition for him failed to do so, necessitating defendant's pro se filing in April 2014.

Following the evidentiary hearing, Judge Venable issued a written decision denying defendant's petition. She found the case indistinguishable from State v. Brewster, 429 N.J. Super. 387, 397-98 (App. Div. 2013), in which we held a defendant pleading guilty to a 1000-foot offense in 1998, whose counsel predicted the defendant would not have an immigration issue, in conjunction with the warning contained in Question 17 of the plea form that the defendant may be deported, had not presented prima facie proof of ineffective assistance of counsel. In addition to finding Brewster's petition factually insufficient, we further concluded his failure to file it until his arrest by federal

A-0514-17T4

immigration authorities nearly twelve years after his conviction did not constitute excusable neglect, noting Brewster "had both the opportunity and the incentive to learn whether he might be deported before the time of his arrest by federal immigration authorities in April 2010" but failed to act. Id. at 401.

Judge Venable likewise found defendant's ten arrests and two indictable convictions following his 1996 plea provided him ample opportunity and incentive to determine whether he was at risk of deportation, even accepting as true, as he testified, that he was not served with the September 30, 2011 notice to appear until his arrest in 2013. She thus found defendant's petition time-barred without excusable neglect for the late filing.

Turning to the merits, the judge rejected defendant's claim that his attorney was deficient for failing to apply for pre-trial intervention. The judge noted defendant provided no proof the prosecutor would have recommended him for PTI, rendering his claim no better than a bare assertion insufficient to establish a prima facie case of ineffectiveness. See State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999). Moreover, she noted defendant was charged with the second-degree offense of aggravated assault making him presumptively ineligible for PTI. See N.J.S.A. 2C:43-12(b); R. 3:28-4(b)(1); State v. Roseman, 221 N.J. 611, 622 (2015).

7

The judge further found, as in <u>Brewster</u>, that counsel's advice to defendant as to the immigration consequences of the plea did not fall below established norms and that defendant's "knowledge of the risk of deportation did not affect the truth-finding function of the court when it accepted his plea." <u>Brewster</u>, 429 N.J. Super. at 398, 401. The judge noted the plea transcript clearly indicated defendant was guilty of the 1000-foot offense and nothing in the record suggested he was prejudiced by his counsel's advice, and thus that defendant could not show manifest injustice under <u>R.</u> 3:22-12(a)(1)(A).

Defendant moved for reconsideration, arguing the court erred in limiting the scope of the hearing so as to exclude the advice defense counsel gave him regarding the immigration consequences of his plea and in concluding he could not show prejudice because his other two convictions would render him deportable in any event. Judge Venable denied the motion, explaining she referred to defendant's other convictions

> not to establish that regardless of the outcome of this PCR, he would still have a deportable offense, but rather to note that his record reflected several subsequent interactions with attorneys and the criminal justice system after the conviction that is the subject of this PCR motion that would have provided him the opportunity to become aware of his risk of potential deportation.

Defendant appeals, raising the following issues:

POINT I

THE PCR COURT'S DECISION DENYING PETITIONER'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM AS TIME-BARRED WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING THAT EXAMINED THE PERFORMANCE OF PLEA COUNSEL AND THE ISSUE OF HIS INCORRECT LEGAL ADVICE REGARDING THE IMMIGRATION CONSEQUENCES OF PLEADING TO THE THIRD-DEGREE CDS OFFENSE HAS RESULTED IN FUNDAMENTAL INJUSTICE, WHICH REQUIRES REMAND TO THE PCR COURT BEFORE A DIFFERENT JUDGE FOR A NEW HEARING.

POINT II

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM A FULL EVIDENTIARY HEARING THAT INCLUDED TESTIMONY FROM PLEA COUNSEL TO FULLY ADDRESS THE ISSUE OF HIS ATTORNEY PROVIDING HIM WITH INCORRECT LEGAL ADVICE REGARDING THE IMMIGRATION CONSEQUENCES OF PLEADING GUILTY TO THE THIRD-DEGREE CDS OFFENSE.

POINT III

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING

9

HIM A FULL EVIDENTIARY HEARING THAT INCLUDED TESTIMONY FROM PLEA COUNSEL TO FULLY ADDRESS THE ISSUE OF HIS ATTORNEY PROVIDING HIM WITH INCORRECT LEGAL ADVICE REGARDING HIS ELIGIBILITY FOR DIVERSION THROUGH THE PRETRIAL INTERVENTION PROGRAM.

We reject those arguments as without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's arguments about the limited scope of the evidentiary hearing on remand are misplaced because the judge assumed the truth of defendant's assertion that his counsel told him he would "not have any problems" with his immigration status because he was receiving a probationary sentence. The judge found, as we did in Brewster, that the advice in conjunction with his affirmative response to Question 17 on the plea form that defendant "may be deported by virtue of [his] plea" did not constitute material misadvice at the time of the plea in 1996.[3] See Brewster, 429 N.J. Super. at 397-98.

_____

[3] In his pro se brief filed in 2014, defendant claimed he asked his counsel about Question 17 and was assured it "was perfunctory, and [did] not mean he would have immigration problems." Defendant argued in that brief that his counsel

> had a duty to advise [him], beforehand, that he would in fact be deported if he entered a guilty plea. Counsel offered no such advice prior to pleadings (sic). Counsel at one point admitted that he was "not an immigration

A-0514-17T4

More important, however, is Judge Venable's finding, as a result of the evidentiary hearing afforded defendant, that his ten subsequent arrests and two convictions provided him extensive contact with the criminal justice system and ample opportunity to become aware of the immigration consequences of his 1996 plea before his 2013 arrest by immigration authorities. We agree with

lawyer," yet he managed to convey incorrect immigration advice in this matter (citing paragraph 16 of defendant's certification not included in the record).

In Brewster, we disagreed "with defendant's contention that competent representation required advice from his attorney that he 'would' be deported as a result of his conviction" in 1998. 429 N.J. Super. at 397. We noted that

[i]n fact, it might have been incorrect at that time for defense counsel to have advised defendant he would surely, or likely, be deported and thus potentially have caused defendant to forego a favorable plea offer and to accept the likelihood of a longer term in state prison by conviction at trial. A longer prison sentence would not have saved defendant from deportation.

[Ibid.]

Defendant notes much the same in his 2014 pro se filing, writing that his counsel's "misleading advice may have had some basis in the lack of strict enforcement of the immigration laws" in 1996 at the time of defendant's guilty plea. He explained that New Jersey "attorneys were not typically too concerned with deportation consequences" when defendants pleaded guilty "since most of their clients who were convicted for mandatory deportable offenses at the time would avoid detection by DHS/ICE (Department of Human Services/ Immigration and Customs Enforcement) due to very weak cooperation between the State Criminal System and the DHS. Such is not the case today."

11

Judge Venable that nothing in the record demonstrates excusable neglect for defendant's failure to file a timely PCR petition and nothing justifies waiting twelve years beyond the five-year period for doing so. See Brewster, 429 N.J. Super. at 400 ("Defendant cannot assert excusable neglect simply because he received inaccurate deportation advice from his defense counsel.").

Because we agree defendant's petition was factually insufficient to warrant the relief he seeks, and he is barred from pursuing his claims because he did not file a timely PCR petition, we affirm the denial of defendant's petition substantially for the reasons expressed by Judge Venable in her written opinions of March 21, 2017 and August 17, 2017.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION